STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**LOUIS HEMSHRODT,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0936** (BOR Appeal No. 2046759)
                (Claim No. 2008042933)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON STEEL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Louis Hemshrodt, by James Carey, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 12, 2012, in which the Board affirmed a January 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 18, 2010, decision which granted Mr. Hemshrodt an additional 1.6% impairment for occupational hearing loss for a total award of 16.2% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Hemshrodt, a steel worker, sustained occupational hearing loss in the course of his employment. He was first evaluated by Mary Rago, M.D., on February 21, 2008. In her evaluation, she found that he suffered from 22% permanent impairment. She asserted that the test reliability was good, and the testing was conducted by a certified audiologist. She diagnosed Mr. Hemshrodt with bilateral high frequency sensorineural hearing loss consistent with noise exposure. Mr. Hemshrodt was also evaluated by Stephen Wetmore, M.D. In his independent medical evaluation on June 27, 2008, Dr. Wetmore found that Mr. Hemshrodt suffered from 14.6% permanent impairment. He also indicated that the test reliability was good, and the testing was performed by a certified audiologist. Based upon these reports, the claims administrator awarded Mr. Hemshrodt 14.6% permanent partial disability for occupational hearing loss.

Mr. Hemshrodt was evaluated by Charles Abraham, M.D., on October 23, 2009. Dr. Abraham concluded that he had sustained 28.13% whole person impairment due to hearing loss resulting from exposure to hazardous levels of industrial noise. He indicated that the testing was good and acceptable. However, on the testing sheet there was no indication that the audiologist was certified or licensed. He also failed to perform a bone conduction test. Dr. Wetmore evaluated Mr. Hemshrodt again in March of 2010. He noted that Dr. Abraham's report was inaccurate, because it was based on the work of an uncertified tester and showed audiometric findings dissimilar to most of the preceding testing. Dr. Wetmore determined that based on that day's testing, Mr. Hemshrodt suffered from 11.18% whole person impairment.

On July 9, 2010, the Office of Judges remanded the claim for another independent medical evaluation. It determined that Dr. Abraham's report was unreliable, because he failed to perform a bone conduction test, it was not apparent that a certified audiologist conducted the testing, and the testing sheet did not indicate reliability. Another independent medical evaluation was performed on September 10, 2010, by Joseph Touma, M.D. He determined that Mr. Hemshrodt suffered from 16.2% whole person impairment. He indicated in his report that he adjusted the percentage to account for hearing loss that was not attributable to industrial noise exposure. He also indicated that the test reliability was good, and that the audiologist was certified. Based upon this report, the claims administrator granted Mr. Hemshrodt an additional 1.6% impairment for a total award of 16.2% permanent partial disability.

The Office of Judges affirmed the decision of the claims administrator in its January 3, 2012, Order. Mr. Hemshrodt argued before the Office of Judges that he was entitled to a total permanent partial disability award of 28.13% as established by the report of Dr. Abraham. The Office of Judges concluded that Dr. Abraham's report was previously adjudicated to be unreliable for the purposes of determining permanent impairment. Mr. Hemshrodt also argued that Dr. Touma's report should not have been adjusted to compensate for non-occupational hearing loss. The Office of Judges determined that West Virginia Code § 23-4-9b (2003), provides that pre-existing impairments shall not be taken into consideration when determining the amount of permanent impairment a claimant has suffered. The Office of Judges held that Dr. Touma's report was reliable and persuasive. It determined that a preponderance of the evidence in this case shows that Mr. Hemshrodt suffered 16.2% permanent impairment as a result of his occupational hearing loss.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 12, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Dr. Abraham's report was previously found to be unreliable, and the report of Dr. Touma is credible and persuasive. The decision of the Board of Review is supported by the evidentiary record and is therefore affirmed.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3